I respectfully dissent from the majority's decision to limit plaintiff's reimbursement of medical expenses and to deny plaintiff's motion for civil contempt.
I believe that, having failed to obtain reimbursement for his out-of-pocket medical expenses directly from defendant, plaintiff properly and timely filed his Motion for Immediate Payment of Out-of-Pocket Expenses for Medications Prescribed for Asbestos-Related Illness with the Industrial Commission. Accordingly, I would expressly affirm the Special Deputy Commissioner's Order of June 4, 2002, requiring defendant to pay plaintiff's $1,965.13 in medical expenses.
Furthermore, although defendant sought a review of the Special Deputy Commissioner's order in an evidentiary hearing before a Deputy Commissioner, defendant neither sought nor received a stay of the Special Deputy Commissioner's order. Instead, and in blatant disregard for the Special Deputy Commissioner's order, defendant simply refused to pay plaintiff's medical expenses. I believe defendant's actions constitute civil contempt, and I would sanction defendant for its failure to act in accordance with the Special Deputy Commissioner's order by granting plaintiff reasonable attorneys' fees pursuant to Rule 802 of the Workers' Compensation Rules of the North Carolina Industrial Commission.
For these reasons, I respectfully dissent from the specified parts of the majority's decision.
This 7th day of August, 2006.
 S/_____________ THOMAS J. BOLCH COMMISSIONER